El Pueblo de Puerto Rico, demandante y apelado, *v.* Salvador Cruz Alvarez, acusado y apelante.

Núm. 8801.—*Sometido:* Noviembre 12, 1941. *Resuelto:* Diciembre 4, 1941.

570

*C. Iriarte, F. Fernández Cuyar, H. González Blanes* y *F. Alvarado Jr.,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El 13 de agosto de 1939 mientras el apelante se dirigía de San Juan a Mayagüez en compañía de otros obreros, arrolló con el automóvil que manejaba al niño de tres años de edad Ramón Maldonado, que caminaba en esos momentos con su hermano de diez y siete años de edad, Luis Maldonado, por la carretera que conduce de Manatí a Arecibo. A consecuencia de las lesiones recibidas el infortunado niño murió poco después en el Hospital Municipal de Arecibo. En la acusación por homicidio involuntario presentada contra el apelante, se le imputó como causa próxima del accidente, negligencia temeraria al guiar el vehículo a excesiva velocidad, sin guardar la debida prudencia y circunspección y sin tocar bocina o aparato de aviso de clase alguna.

El apelante fué convicto por un jurado y sentenciado a cinco meses de cárcel y las costas. En este recurso, interpuesto contra dicha sentencia, sostiene el apelante que el veredicto es contrario a derecho y que erró la corte *a quo* al denegarle la moción de nuevo juicio.

La evidencia del fiscal tendió a demostrar que el día de autos y como a las 3:30 de la tarde, el niño Ramón Maldonado era conducido por su hermano Luis a la casa de su abuela, que distaba como un hectómetro del sitio del accidente. El mayor de los hermanos caminaba por el paseo del lado derecho de la carretera, con dirección a Arecibo, y

el menor iba a su lado sobre la orilla del pavimento. Al aproximarse a estos niños, el vehículo que conducía el acusado y que venía en la misma dirección marchaba a una velocidad excesiva, no tocó aparato de alarma y se aproximó tanto a su derecha que arrolló al niño, arrastrándolo en una distancia de veinte yardas y lanzándolo finalmente hacia la orilla izquierda de la carretera. No venía ningún otro vehículo ni persona por aquel sitio en los momentos del accidente.

La del acusado tendió a demostrar que al tiempo del accidente la velocidad no excedía de quince millas; que al lado izquierdo de la carretera caminaba una mujer conduciendo una cabra; que en dirección contraria venía una *guagua;* que en esos precisos momentos la cabra se soltó y trató de cruzar al lado opuesto del camino; que el niño súbitamente corrió hacia la izquierda para coger el animal y fué entonces arrollado por el automóvil, a pesar de los esfuerzos que para evitarlo hiciera el apelante.

La prueba de cargo niega que viniese automóvil alguno en dirección opuesta, que si bien la cabra caminaba delante de su dueña, que en efecto iba por el lado izquierdo de la carretera como a dos metros detrás de los niños, el animal en ningún momento trató de cruzar la carretera, sino que por el contrario penetró en el cercado donde acostumbraba pastar diariamente, el cual queda por el mismo lado en que caminaba el animal; que el niño no se desvió de la dirección que llevaba y que fué el acusado el culpable del accidente al conducir su automóvil a gran velocidad, tan cerca del niño que lo arrolló.

La evidencia es claramente contradictoria, pero el jurado, que vió y oyó declarar los testigos de una y otra parte y pudo mejor que nosotros apreciar sus gestos, vacilaciones y contradicciones, dirimió el conflicto en contra del acusado y su veredicto no deberá ser alterado por este tribunal a menos que se demuestre satisfactoriamente que el jurado actuó movido por pasión, prejuicio o parcialidad, o que incurriera

en error manifiesto en la apreciación de la prueba. No se imputa al jurado pasión, prejuicio o parcialidad, pero sí error manifiesto en la apreciación de la prueba, porque ninguno de los testigos de cargo pudo apreciar en millas o kilómetros la velocidad a que marchaba el vehículo, declarando, por ejemplo, la testigo Rafaela Figueroa, quien conducía la cabra, que pasó *a mucha velocidad;* que *venía a una velocidad bastante ligera,* etc. Como se dijera por este Tribunal en el caso de *Pueblo* v. *Pereira,* 49 D.P.R. 891, 897, 899, en que la prueba de velocidad consistió en expresiones semejantes a las usadas por la citada testigo:

"Podrá argüirse que este testimonio así producido adolece de vaguedad y falta de precisión. Ésta es la prueba, sin embargo, que puede producirse en muchos casos de responsabilidad criminal en que los testigos, que no son peritos, no saben de otro modo apreciar la velocidad.

"✳ ✳ ✳ ✳ ✳ ✳ ✳

"El peso de esta prueba es una cuestión de la incumbencia exclusiva del jurado, cuyo juicio debemos respetar. Si el jurado creyó el testimonio del testigo Julián Machuca, y, teniendo en cuenta todas las circunstancias del caso, consideró al acusado culpable de negligencia criminal, nosotros no nos sentimos autorizados para intervenir, dejando sin efecto su veredicto."

Véase además 15–16 Huddy, "Cyclopedia of Automobile Law," 342, sec. 176.

En el caso de *Smith* v. *Doyle,* (1938, C.C.A.), 98 F. (2d) 341, 342, tratando sobre esta misma materia, se dijo por el tribunal:

"Aunque los apelantes no se refirieron a esta cuestión en su alegato, tomaron excepción a la admisión de la declaración del único testigo ocular, quien declaró que el automóvil se estaba moviendo ligero *(was moving fast)*. Tal evidencia es generalmente admitida. En 1 Wigmore 'Evidence' (2da. ed., 1923), sec. 571, 4 id. 1977, se coleccionan los casos sobre la materia. Las personas normales frecuentemente forman impresiones de esta naturaleza con respecto a los automóviles que pasan y estas impresiones tienen significado

y valor. Sería arbitrario excluirlas, por lo menos cuando como aquí no se dispone de lectura del velocímetro (*speedometer*)."

Sin duda debió influir considerablemente en el jurado el hecho de que el automóvil paró como a veinte yardas del sitio del accidente y que durante ese trayecto arrastró consigo al niño, no obstante haber aplicado los frenos en el preciso instante de alcanzarlo, dejando una marca de la enfrenada, bastante fuerte, en la carretera, según declara el testigo Luis Maldonado.

Es indudable que si el automóvil hubiese marchado a una velocidad de quince millas, como sostiene la prueba de descargo, no hubiera necesitado caminar una distancia de veinte yardas para detenerse, a pesar de la fuerte refrenada a que se refirió el testigo Luis Maldonado.

Sostiene además el apelante que la prueba de cargo con respecto a velocidad era inadmisible, porque los testigos manifestaron que se dieron cuenta de la presencia del automóvil en el momento del accidente y que por consiguiente no estaban ellos en condiciones de apreciar debidamente su velocidad. Si el automóvil hubiese parado instantáneamente, es claro que los testigos de cargo no hubieran tenido oportunidad de apreciar la velocidad, pero, como hemos visto, el automóvil continuó por espacio de veinte yardas, a pesar de la refrenada de que fué objeto, y la testigo Figueroa, que venía como dos metros detrás de los niños, vió el automóvil antes de que éste alcanzara al interfecto, y lo siguió con la vista hasta después que hubo detenido la marcha. En tales circunstancias, no abrigamos duda que tuvo ella una oportunidad de apreciar si el automóvil venía a una velocidad corriente o a una excesiva velocidad.

A nuestro juicio el veredicto no es contrario a derecho como sostiene el apelante ni erró la corte al denegarle la moción de nuevo juicio, moción que fué predicada en las mismas cuestiones que acabamos de discutir.

*Por lo expuesto, procede la desestimación del recurso y la confirmación de la sentencia apelada.*